| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| DAVID HANDFORD, | Case No. 2:21-cv-00115-JDP (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS |
| v. | |
| V. YAP, | ECF No. 2 |
| Defendant. | SCREENING ORDER THAT PLAINTIFF: |
| | (1) FILE AN AMENDED COMPLAINT; OR |
| | (2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS CONSISTENT WITH THIS ORDER. |
| | ECF No. 1 |
| | SIXTY-DAY DEADLINE |

Plaintiff David Handford is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that defendant V. Yap, a nurse, violated his Eighth Amendment rights when she accidentally gave him another inmate's medication. ECF No. 1 at 3. I find, for the reasons stated below, that plaintiff has failed to state a cognizable claim. I will give him leave to amend his complaint.

1

Plaintiff has also filed an application to proceed *in forma pauperis*. ECF No 2. It makes the required showing and is granted.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that, on October 31, 2019, defendant Yap was dispensing medication to inmates while conversing with another member of prison staff. ECF No. 1 at 3. Yap gave plaintiff medication and he put it in his mouth. *Id.* Plaintiff realized that the medication tasted strange and spit most of it out. *Id.* He asked Yap what the medication was and she replied that it was an anti-seizure medication called "Depakotel." *Id.* Plaintiff, who was supposed to receive a medication for digestive problems, informed Yap of her mistake and asked to see "senior medical staff." *Id.* Yap denied his request to see senior staff, but records attached to the complaint show that plaintiff received medical monitoring. *Id.* His vitals were taken and shown to be normal on two separate occasions after the mistake. ECF No. 1 at 18-19. Yap also offered plaintiff his correct medication after her error was brought to her attention. *Id.* at 23.

Plaintiff's allegations, as articulated, do not state a deliberate indifference claim against Yap. Accidents or negligence of the sort alleged here do not amount to the wanton infliction of pain required to state an Eighth Amendment claim. *Estelle v. Gamble,* 429 U.S. 97, 105-06 (1976). To succeed on a claim for medical deliberate indifference, plaintiff must allege that the defendant consciously disregarded an excessive risk to his health. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996).

I will give plaintiff leave to amend his complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint must be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff must assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number. If plaintiff chooses to stand on his current complaint, I will recommend that it be dismissed for failure to state a claim.

Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.

2. Within sixty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated: __March 8, 2021__    _____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE